SILVERMAN, Circuit Judge,
with whom TALLMAN, Circuit Judge, joins,
dissenting:
I join Parts II through IV of Judge Callahan’s dissent, but write separately to emphasize several points.
The doctrine of qualified immunity “protects government officials from liability for good faith misjudgments and mistakes,” and that is precisely the situation here. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir.2002). The judge issued a defective warrant and the deputies mistakenly relied on it, but their mistake was entirely in good faith. The deputies did not act until they obtained the warrant and they did only what the warrant authorized them to do. They did not engage in any form of misconduct. They did not rough-up the residents. They did not put false information in the affidavit, conceal exculpatory information, or seize property not mentioned in the four-corners of the warrant. *1050 This is not a case where police officers sought to evade the warrant requirement; to the contrary, they sought to comply with it. The record is totally devoid of any evidence that the deputies acted other than in good faith.
Qualified immunity protects from liability “all but the plainly incompetent and those who knowingly violate the law.” Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Does the deputies’ mistake rise to the level of plain incompetence or intentional violation of the law? I cannot imagine a clearer case of reasonable error than this one. In determining whether the deputies reasonably relied on the warrant, “all of the circumstances ... may be considered.” United States v. Leon, 468 U.S. 897, 923 n. 23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). It is undisputed that the deputies knew Bowen to be a convicted felon with a very violent history, including convictions for assault with a deadly weapon and being a felon in possession of a firearm. They also knew that he reportedly had just shot at the victim several times with a short-barrel shotgun. As a convicted felon, Bowen was prohibited from possessing firearms. Under such circumstances, how can it be “entirely unreasonable” — not just a mistake but entirely unreasonable — for the deputies to have relied on a judge-signed warrant authorizing the seizure of all of Bowen’s guns? See Ortiz v. Van Auken, 887 F.2d 1366, 1370 (9th Cir.1989).
I also do not see how the deputies can be deemed to be plainly incompetent, or to have knowingly violated the law, for relying on the warrant’s authorization to seize Mona Park Crip gang paraphernalia. The deputies had probable cause to believe both that Bowen was tied to the Mona Park Crip gang and that he was residing at the Millender residence. Had Mona Park Crip paraphernalia been found in close proximity to guns during the search of the Millender house — say, a gun concealed in Mona Park Crip clothing — such a discovery would have tended to prove that the guns were Bowen’s and not the Millenders’. It is commonplace for search warrants to authorize the seizure of items that can help identify persons in control of the premises or contraband. See Ewing v. City of Stockton, 588 F.3d 1218, 1229 (9th Cir.2009). The deputies’ belief in the validity of this portion of the warrant was entirely reasonable.
Qualified immunity insulates police officers from the threat of personal liability so that they can “execute[their] office with the decisiveness and the judgment required by the public good.” Scheuer v. Rhodes, 416 U.S. 232, 240, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The tradeoff for this perceived societal benefit is that some wrongs will go uncompensated. That is the nature of immunity, and it is a tradeoff adopted by the Supreme Court itself.